UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| **GEORGII ZHIRKIN**<br>2437 Antelope Court<br>Villa Hills, KY 41017 | :<br>:<br>:<br>: | Case No. 4:21-cv-143<br><br>Judge _____ |
| Plaintiff, | :<br>: | |
| v. | :<br>: | |
| **COMMUNITY MENTAL HEALTH CENTER INC.**<br>C/O Gregory Duncan<br>285 Bielby Road<br>Lawrenceburg, IN 47025 | :<br>:<br>:<br>:<br>:<br>: | **PLAINTIFF'S COMPLAINT**<br>**WITH JURY DEMAND**<br>**ENDORSED HEREON** |
| Defendant. | : | |

## PARTIES

1. Plaintiff Georgii Zhirkin is an individual citizen of the Commonwealth of Kentucky.

2. Defendant Community Mental Health Center Inc. is an Indiana corporation. Defendant is an employer within the meaning of federal law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 because it arises under the laws of the United States. Plaintiff's Count I arises under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 *et seq.* and Counts II and III arise under Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000e *et seq.*

4. Venue is proper in this Division and District pursuant to 28 U.S.C. §1391 because Plaintiff was employed in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued him a Notice of Right to Sue on June 9, 2021. A copy of the Notice of Right to Sue is attached as Exhibit A.

## FACTUAL ALLEGATIONS

6. Plaintiff is of Russian decent and was born in 1969.

7. Plaintiff began his employment with Defendant in March of 2006 and held the position of Chief Financial Officer in the Finance/Administration Department.

8. At all relevant times Plaintiff was a loyal and dedicated employee and was fully qualified to perform his job.

9. The Company hired a new CEO in the Summer of 2020.

10. The new CEO was immediately hostile towards Plaintiff.

11. In late September 2020, Plaintiff was notified that there were alleged complaints against him.

12. Plaintiff learned that the alleged complaints were supposedly made by female employees with whom he'd worked for years without incident.

13. Plaintiff denied any wrongdoing.

14. Nevertheless, Plaintiff was abruptly suspended.

15. Plaintiff met with an investigator about the allegations and received little clarity.

16. The investigator asked questions that suggested that the allegations ranged over many, many years and appeared to be vague in nature.

17. Based on the interview Plaintiff expected to be returned to work with no consequences.

18. Instead, Plaintiff was abruptly terminated October 22, 2020 and replaced by Eric Busch, a substantially younger, American-born individual.

19. The allegations against Plaintiff appeared to be trumped up, flimsy, outdated and just an excuse to terminate and replace Plaintiff.

## COUNT I

### (Age Discrimination – ADEA)

20. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

21. Plaintiff was 51 years-old at the time of his termination.

22. Plaintiff was fully qualified for his position with Defendant at all relevant times.

23. Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA by treating him less favorably than younger employees, by discharging him on the basis of age and by replacing him with a substantially younger employee.

24. Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

25. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

## COUNT II

### (National Origin Discrimination – Title VII)

26. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

27. Plaintiff was fully qualified for his position at all relevant times.

28. Defendant discriminated against Plaintiff because of his national origin by treating him less favorably than similarly situated employees born in the United States and terminating his employment on account of his national origin in violation of Title VII.

29. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

30. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to relief.

### COUNT III

**(Sex Discrimination – Title VII)**

31. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

32. Plaintiff is male and was fully qualified for his position with Defendant at all relevant times.

33. Defendant discriminated against Plaintiff on account of his sex by including, but not limited to, treating him less favorably then similarly situated female employees = a female employee would not have been terminated under similar circumstances.

34. Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to relief.

**WHEREFORE**, Plaintiff demands judgement against Defendant as follows:

a) That Defendant be enjoined from further unlawful conduct as described herein;

b) That Plaintiff be reinstated to his employment;

c) That Plaintiff be awarded all lost pay and benefits;

d) That Plaintiff be awarded compensatory damages;

e) That Plaintiff be awarded liquidated damages;

f) That Plaintiff be awarded punitive damages;

g)   That Plaintiff be awarded front pay;

h)   That Plaintiff be awarded prejudgment and post judgment interest;

i)   That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years;

j)   That Plaintiff be awarded reasonable attorney's fees and costs; and

k)   That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully Submitted,

*/s/ Austin H. LiPuma*
Austin H. LiPuma  (IN Bar No. 34339-89)
Jon B. Allison Seeking *Pro Hac Vice*
Admission (OH Bar No. 0073955)
Trial Attorneys for Plaintiff
Freking, Myers, & Reul, LLC
600 Vine Street, Ninth Floor
Cincinnati, Ohio 45202
Phone:  (513) 721-1975
Fax:  (513) 651-2570
*alipuma@fmr.law*
*jallison@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Austin H. LiPuma*